Matt ATWOOD, Re: Estate of John L. Jackson, Deceased, Appellant,

v.

Dan LYDICK, Temporary Administrator, Appellee.

No. 10408.

Court of Civil Appeals of Texas.

Austin.

June 20, 1956.

Rehearing Denied Aug. 8, 1956.

W. C. Austin, Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, for appellee.

HUGHES, Justice.

This suit relates to the will or purported will of John L. Jackson, deceased. It was originally filed in the County Court of Travis County by Matt Atwood under the alleged authority of a power of attorney executed in his favor by Sarah A. Vestal Jackson, now deceased, the widow of and a beneficiary under the purported will of John L. Jackson.

The adverse party in this suit is Dan E. Lydick, Temporary Administrator of the estate of John L. Jackson, deceased.

The purpose of this suit is to require Lydick to account for all monies and properties of the Jackson estate coming into his hands as Administrator and to "compel him to turn over the estate of John L. Jack-son, deceased (to Atwood) so it can be dispersed to each of the beneficiaries named in the last will and testament of John L. Jackson deceased * * *"

Lydick's answer to this suit consisted of several special pleas, sustained by the Trial Court, one of which was that the matters in controversy were res adjudicata by reason of a final judgment of the 98th District Court of Travis County in Cause No. 55,688, rendered October 28, 1935, wherein Lydick and Mrs. Jackson were parties.

The judgment rendered in such cause was one denying the application of Sarah A. Vestal Jackson, filed May 25, 1926, to probate an instrument dated May 3, 1913, purporting to be and offered as the last will and testament of John L. Jackson and shown to have been previously probated in the State of California. We quote from such judgment:

"1. The Court finds that at the time of the death of John L. Jackson he was domiciled and had his only residence in Fort Worth, Tarrant County, State of Texas.

"2. The Court finds that John L. Jackson at the time of his death was not a resident of the State of California.

"3. The Court finds that John L. Jackson at the time of his death had no property in the State of California.

"4. The Court finds that John L. Jackson at the time of his death had no property in Travis County, Texas.

"5. The Court finds that at the time of the death of John L. Jackson his principal estate was located in Tarrant and Parker Counties in the State of Texas.

"6. The Court finds that John L. Jackson died in Coryell County, State-

of Texas, on or about 9th day of April, A.D.1919.

"7. The Court finds that the probate court of Travis County, Texas, had no authority or jurisdiction to probate the alleged will of John L. Jackson offered in evidence herein, or to grant any ancillary probate of the alleged will of John L. Jackson, introduced in evidence herein.

"8. The Court finds that the alleged probate of said will in California was not had within four years after the date of the death of John L. Jackson.

"9. The Court finds that this suit was instituted within four years after the filing of the will for probate in Travis County, Texas, by the contestants herein.

"10. The Court finds that this suit contesting the admitting to probate of said purported will in Travis County, Texas, was instituted within less than four years after the order was made by the County Court of Travis County, Texas, purporting to grant an ancillary probate on the purported probate proceedings in California.

"11. The Court finds that this suit was instituted within four years after said purported will was offered for probate in the probate court of Los Angeles County, California.

"12. The Court further finds that the matters involved in this suit have been judicially determined by the Supreme Court of this State and adversely to the proponents herein.

"It is Therefore Ordered, Adjudged and Decreed by the Court that said purported probate proceedings had in the courts of California on said alleged will are not sufficient to support ancillary probate proceedings in this State, and that said will is insufficient and the proceedings of said California courts are insufficient to support such ancillary proceedings in this State, and that said will is not entitled to probate in the County Court of Travis County, Texas; and it is Further Ordered, Considered, Adjudged and Decreed by the Court that the order of the County Court of Travis County, Texas, purportedly granting ancillary probate proceedings based on the probate proceedings in the State of California, is null and void and of no force or effect, and the same is hereby set aside, and it is therefore further ordered and decreed by the Court that said purported will so offered for probate be annulled and set aside and held for naught."

No appeal was perfected from this judgment. It is obvious that appellant is attempting to relitigate here what was finally litigated in the previous case. This cannot be done and the Trial Court correctly so held. Citation of authorities is not necessary to support this fundamental legal conclusion.

The judgment of the Trial Court is affirmed.

Affirmed.